FILED
FEBRUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
#2706962

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 994**

| Denise Swinney | ) | |
| --- | --- | --- |
| Plaintiff | ) | NO. |
| | ) | |
| vs. | ) | **JUDGE GOTTSCHALL** |
| | ) | **MAGISTRATE JUDGE MASON** |
| City of Waukegan, a Municipal Corporation, | ) | Jury Demand |
| And Officer Haynes #704 | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

**NOW COMES** Plaintiff, DENISE SWINNEY, by and through her attorney, Benjamin E. Starks, of Starks & Boyd P.C., complaining of Defendants, CITY OF WAUKEGAN, and OFFICER HAYNES #704 as follows:

#### Introduction

1. Plaintiff, Denise Swinney, is, and at all times mentioned was, a resident of Chicago, Illinois, County of Cook.

2. Defendant, Officer Haynes Star #704 (hereinafter "Officer Haynes"), is a city employee, and at all times mentioned is a resident of Waukegan, County of Lake, State of Illinois.

3. At all times relevant to this action, defendant, Officer Haynes, is duly appointed and an acting Waukegan Police Officer employed by City of Waukegan, Lake County, Illinois.

4. Defendant, Officer Haynes, as such is a duly appointed agent authorized to enforce the laws of City of Waukegan, County of Lake, and State of Illinois,

1

and was so acting under color of the law of City of Waukegan, County of Lake, and State of Illinois at all times relevant to this action.

5. Defendant, City of Waukegan, of Lake County, Illinois is, and at all times mentioned was, a municipal corporation of Illinois.

6. Original jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S. C. § 1343 (a)(3) and (a)(4) (civil rights claims). Venue of this action is proper under 28 U.S.C.A. § 1391(b).

**General Allegations**

7. On or about January 6, 2008, at approximately 1:00 a.m., Plaintiff, Denise Swinney (hereinafter referred to as "Plaintiff") was walking near the intersection of Lewis and Glenflora in the City of Waukegan, County of Lake, and State of Illinois.

8. Without probable cause or notice of any federal, state, or municipal violation, Officer Haynes stopped and detained Plaintiff, Denise Swinney.

9. Defendant, Officer Haynes was wearing an official Waukegan Police Department uniform and displaying badge #704.

10. Defendant, Officer Haynes removed the Plaintiff, Denise Swinney, from the public way, searched and placed Plaintiff in the police cruiser.

11. Defendant, Officer Haynes, without consent, searched Plaintiff, without any probable cause or warrant.

12. During the search Defendant, Officer Haynes, without consent, sexually fondled Plaintiff's chest.

13. On or about January 6, 2008, at approximately 1:15 a.m. Plaintiff, Denise Swinney was arrested by Defendant, Officer Haynes without a warrant or probable cause.

14. On or about January 6, 2008, Plaintiff, Denise Swinney was transported by Defendant, Officer Haynes to a remote location behind an Uhaul Store in the City of Waukegan, Illinois.

15. At the remote location, Defendant Officer Haynes instructed Plaintiff to sit on the rear driver side of the vehicle.

16. Defendant, Officer Haynes, without consent, inserted his penis into Plaintiff's mouth.

17. Plaintiff cried and asked Defendant, Officer Haynes was he going to kill her but he did not respond.

18. Defendant, Officer Haynes instructed Plaintiff to turn around and without consent inserted his penis into her vagina and non-consensually performed sexual intercourse in excess of thirty minutes.

19. Defendants, Officer Haynes released Plaintiff to walk home on foot from the remote location.

20. At no time were any tickets issued or a complaint filed against the Plaintiff.

21. At no time relevant to this action had Plaintiff, Denise Swinney violated any law of the City of Waukegan, County of Lake, or State of Illinois.

22. Defendant, Officer Haynes, unlawfully searched and seized Plaintiff, Denise Swinney and sexually assaulted her.

23. Defendant, Officer Haynes #704 used unlawful force with the intent to inflict unnecessary harm upon the Plaintiff and such use of force caused physical and mental injuries to the Plaintiff.

24. At no time during the above-mentioned period of detention was Plaintiff, charged with any crime, but at the end of the detention period, Plaintiff was released without any charge being made, and no charge has subsequently been made.

25. The Defendant, Officer Haynes #704, at the time of the above-mentioned search or at any time during the subsequent detention of Plaintiff, did not have in his possession any warrant issued by any judge, court, or magistrate authorizing a search of Plaintiff's vehicle or the arrest of Plaintiff, nor had any warrant in fact been issued by any court, judge, or magistrate for such search and arrest.

26. Plaintiff requests trial by jury on all counts of this complaint.

## COUNT I – ASSUALT AND BATTERY

27. Plaintiff repeats and realleges Paragraphs 1 through 26 in this count 27, as if expressly set forth at length.

28. This Cause of Action is brought by Plaintiff against Defendant, Officer Haynes #704 for assault and battery.

29. As a direct and proximate result of the above-described illegal actions of Defendant, Officer Haynes #704, including his excessive and unnecessary use of force, Plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

30. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

31. The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

WHEREFORE, Plaintiff requests:
1. Judgment against Defendant, Officer Haynes #704 for $5,000,000.00 ;
2. Attorneys' fees and costs of suit; and
3. Such other and further relief as the court deems just and proper.

## COUNT II – 42 U.S.C.A. § 1983

32. Plaintiff repeats and realleges Paragraphs 1 through 31 in this count 32, as if expressly set forth at length.

33. This Cause of Action is brought by Plaintiff against Defendant, Officer Haynes #704 for the deprivation of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

34. Plaintiff alleges that her arrest by Defendant, Officer Haynes #704, with the use of excessive force was in violation of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States Constitution to due process of law within the meaning of 42 U.S.C.A. § 1983.

35. Such acts were beyond the scope of their jurisdiction and without authorization of law.

36. Defendant, Officer Haynes #704 acted willfully, knowingly, and with specific intent to deprive Plaintiff of her rights to freedom from illegal searches and seizure of her person, and effects, and of her right to freedom from unlawful arrest, detention, and imprisonment, all of which rights are secured to the plaintiff by the Fourth, Sixth, and Fourteenth Amendment to the Constitution of the United States, and by Title 42, United States Code, Sections 1983 and 1988.

37. Plaintiff's arrest was made under color of the authority of Defendant, Officer Haynes #704, as a police officer for the City of Waukegan.

38. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has sustained physical injury, including but not limited to great pain from his forced sexual entry.

39. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

40. The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

WHEREFORE, Plaintiff requests:
1. Judgment against Defendants, Officer Haynes #704 for $5,000,000.00;
2. Attorneys' fees pursuant to 42 U.S.C.A., Section 1988 and costs of suit;
3. Punitive damages of $200,000.00; and
4. Such other and further relief as the court deems just and proper.

## COUNT III - NEGLIGENCE

41. Plaintiff repeats and realleges Paragraphs 1 through 40 in this count 41, as if expressly set forth at length.

42. This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan for negligence.

43. The above-described actions by Defendant, Officer Haynes #704 resulted from the carelessness and negligence of Defendant, City of Waukegan, its agents, servants, employees, or other representatives, in hiring and failing to properly train Defendant, Officer Haynes #704.

44. As a direct and proximate result of the above-mentioned carelessness and negligence of Defendant, City of Waukegan, Plaintiff was sexually assaulted and sustained physical injury, including but not limited to great pain from his forced sexual entry.

45. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

46. The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

WHEREFORE, Plaintiff requests:
1. Judgment against defendant. City of Chicago for $5,000,000.00;
2. Attorneys' fees and costs of suit; and
3. Such other and further relief as the court deems just and proper.

### COUNT IV - RESPONDENT SUPERIOR

47. Plaintiff repeats and realleges Paragraphs 1 through 46 in this count 47, as if expressly set forth at length.

48. This Cause of Action is brought by plaintiff against Defendant, City of Waukegan for the willful, wanton and intentional conduct of its agent,

8

servant, or employee, Defendant, Officer Haynes #704, including Defendant, Officer Haynes's excessive and unnecessary use of force.

49. As a direct and proximate result of the willful and intentional acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

50. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

WHEREFORE, Plaintiff requests:
1. Judgment against defendant, City of Chicago for $5,000,000.00 ;
2. Attorneys' fees and costs of suit; and
3. Such other and further relief as the court deems just and proper.

### COUNT V - 42 U.S.C.A. § 1983 AGAINST EMPLOYER

51. Plaintiff repeats and realleges Paragraphs 1 through 50 in this count 51, as if expressly set forth at length.

52. This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan, for deprivation by its agent, servant, or employee, Defendant, Officer Haynes #704, of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

53. The above-described actions of Defendant, Officer Haynes #704 , while an agent, servant, or employee of Defendant, City of Waukegan, subjected Plaintiff to a deprivation of rights and privileges in violation of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States Constitution to due process of law within the meaning of 42 U.S.C.A. § 1983.

54. Plaintiff's arrest was made under color of the authority of Defendant, Officer Haynes #704, as a police officer for the City of Waukegan.

55. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant, Officer Haynes #704 , while agents, servants, or employees of Defendant, City of Waukegan, plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

56. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

57. The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

58. Defendant, Officer Haynes #704 violated the plaintiff's civil rights while acting pursuant to this custom or policy.

WHEREFORE, Plaintiff requests:
1. Judgment against defendant, City of Chicago for $5,000,000.00;
2. Attorneys' fees pursuant to 42 U.S.C.A., Section 1988 and costs of suit;
3. Such other and further relief as the court deems just and proper.

## COUNT VI – VIOLATION OF ILLINOIS CONST., ART. I, § 6

59. Plaintiff repeats and realleges Paragraphs 1 through 58 in this count 59, as if expressly set forth at length.

60. This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan for the interference by its agent, servant, or employee, Defendant, Officer Haynes #704, of constitutional and statutory rights within the meaning of Illinois Const., Art. I, § 6.

61. The above-described actions of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, interfered with Plaintiff's exercise or enjoyment of rights secured by the Constitution and laws of Illinois and more particularly Illinois Const., Art. I, § 6,

62. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

63. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or

employee of Defendant City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

WHEREFORE, plaintiff requests:
1. Judgment against defendant, City of Chicago for $5,000,000.00 ;
2. Attorneys' fees and costs of suit; and
3. Such other and further relief as the court deems just and proper.

## COUNT VII – FALSE IMPRISONMENT

64. Plaintiff repeats and realleges Paragraphs 1 through 63 in this count 64, as if expressly set forth at length.

65. This Cause of Action is brought by Plaintiff against Defendant, Officer Haynes #704 for False Imprisonment.

66. Plaintiff was intentionally and willfully restrained and arrested, by Defendant, Officer Haynes #704, without her consent, against the will of her personal liberty or freedom of locomotion.

67. Plaintiff was arrested without probable cause or reasonable belief that any crime was committed.

68. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Chicago, Plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

69. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has suffered

humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

WHEREFORE, Plaintiff requests:
1. Judgment against Defendants, Officer Haynes #704 for $5,000,000.00;
2. Attorneys' fees and costs of suit; and
3. Such other and further relief as the court deems just and proper

### COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff repeats and realleges Paragraphs 1 through 69 in this count 70, as if expressly set forth at length.

71. This Cause of Action is brought by Plaintiff against Defendant, Officer Haynes #704 for intentional infliction of emotional distress.

72. The previously alleged actions of the Defendant, Officer Haynes #704, were extreme and outrageous.

73. The previously alleged actions of the Defendant, Officer Haynes #704 were intentional, willful, malicious, and wanton.

74. Defendant, Officer Haynes #704 intended that his conduct should inflict severe emotional distress and further knew that there was a high probability that his conduct would cause severe emotional distress.

75. Defendant, Officer Haynes #704 intentional conduct caused Plaintiff, Denise Swinney severe emotional distress.

WHEREFORE, plaintiff requests:
1. Judgment against Defendants, Officer Haynes #704 for $5,000,000;
2. Attorneys' fees and costs of suit; and
3. Such other and further relief as the court deems just and proper

Submitted by:

*Denise Swinney*
Denise Swinney

State of Illinois  )
                   )  ss.
County of Cook     )

Denise Swinney, being first duly sworn, says that she is the plaintiff in the above entitled action, that she has read the foregoing complaint, and that the same is true of her own knowledge.

*Denise Swinney*
Denise Swinney

Subscribed and sworn to before me this 18th day of February, 2008

_____
Notary Public

"OFFICIAL SEAL"
Benjamin E. Starks, Sr.
Notary Public, State of Illinois
My Commission Exp. 07/18/2009

I, Benjamin E. Starks, of Chicago, Illinois, County of Cook, attorney for the Plaintiff in the above-entitled action, being first duly sworn, say that I am authorized to file the above Complaint on behalf of the plaintiff; that I have read the Complaint and know its contents; that the statements contained in it are true and correct to the best of my knowledge, information, and belief; and that the Complaint is not interposed for delay or other improper purpose.

_____
Benjamin E. Starks
Atty. No. 2706962
STARKS & BOYD
11528 S. Halsted
Chicago, IL 60628
(773) 995-7900

14