UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Denise Swinney, | ) | |
|       Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 08 C 994 |
| City of Waukegan, a Municipal Corporation and Officer Haynes #704, | ) ) ) ) | Judge Gottschall |
|       Defendants. | ) ) | Magistrate Judge Mason |

**DEFENDANT HAYNES'S ANSWER TO COMPLAINT AT LAW**

NOW COMES the Defendant, Officer Haynes #704 ("Haynes"), by and through his attorneys, Harrison Law Offices, P.C., and for his *Answer to Complaint at Law* states and affirms as follows:

**Introduction**

1. Plaintiff, Denise Swinney, is, and at all times mentioned was, a resident of Chicago, Illinois, County of Cook.

    **ANSWER:** Haynes is without sufficient knowledge or information to form a belief as to the allegations of Paragraph 1.

2. Defendant, Officer Haynes Star #704 (hereinafter "Officer Haynes"), is a city employee, and at all times mentioned is a resident of Waukegan, County of Lake, State of Illinois.

    **ANSWER:** Haynes denies the allegations contained in Paragraph 2.

3. At all times relevant to this action, defendant, Officer Haynes, is duly appointed and an acting Waukegan Police Officer employed by City of Waukegan, Lake County, Illinois.

**ANSWER:** Haynes admits that on January 6, 2008, he was a duly appointed and acting Waukegan Police Officer employed by the City of Waukegan, Lake County, Illinois; Haynes denies the remaining allegations of Paragraph 3 of the Complaint.

4. Defendant, Officer Haynes, as such is a duly appointed agent authorized to enforce the laws of City of Waukegan, County of Lake, and State of Illinois, and was so acting under color of the law of City of Waukegan, County of Lake, and State of Illinois at all times relevant to this action.

**ANSWER:** Paragraph 4 consists of legal conclusions that require no response. To the extent that Paragraph 4 asserts any factual matter, Haynes denies the same.

5. Defendant, City of Waukegan, of Lake County, Illinois is, and at all times mentioned was, a municipal corporation of Illinois.

**ANSWER:** Haynes admits the allegations contained in Paragraph 5 of the Complaint.

6. Original jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (a)(3) and (a)(4) (civil rights claims). Venue for this action is proper under 28 U.S.C.A. § 1391 (b).

**ANSWER:** Paragraph 6 consists of legal conclusions that require no response. Haynes admits that the Court has original jurisdiction to hear federal question and civil rights claims and that venue is proper.

## General Allegations

7. On or about January 6, 2008, at approximately 1:00 a.m., Plaintiff, Denise Swinney (hereinafter referred to as "Plaintiff") was walking near the intersection of Lewis and Glenflora in the City of Waukegan, County of Lake, and State of Illinois.

**ANSWER:** Haynes denies that the time was approximately 1:00 a.m. or that the intersection was near Lewis and Glenflora. Haynes admits the remaining allegations of Paragraph 7.

8. Without probable cause or notice of any federal, state, or municipal violation, Officer Haynes stopped and detained Plaintiff, Denise Swinney.

**ANSWER:** Haynes denies the allegations contained in Paragraph 8.

9. Defendant, Officer Haynes was wearing an official Waukegan Police Department uniform and displaying badge #704.

**ANSWER:** Haynes admits the allegations contained in Paragraph 9.

10. Defendant, Officer Haynes removed the Plaintiff, Denise Swinney, from the public way, searched and placed Plaintiff in the police cruiser.

**ANSWER:** Haynes denies the allegations contained in Paragraph 10.

11. Defendant, Officer Haynes, without consent, searched Plaintiff, without any probable cause or warrant.

**ANSWER:** Haynes denies the allegations contained in Paragraph 11.

12. During the search Defendant, Officer Haynes, without consent, sexually fondled Plaintiff's chest.

**ANSWER:** Haynes denies the allegations contained in Paragraph 12.

13. On or about January 6, 2008, at approximately 1:15 a.m. Plaintiff, Denise Swinney was arrested by Defendant, Officer Haynes without a warrant or probable cause.

**ANSWER:** Haynes denies the allegations contained in Paragraph 13.

14. On or about January 6, 2008, Plaintiff, Denise Swinney was transported by Defendant, Officer Haynes to a remote location behind an Uhaul Store in the City of Waukegan, Illinois.

**ANSWER:** Haynes admits the allegations contained in Paragraph 14 of the Complaint.

15. At a remote location, Defendant Officer Haynes instructed Plaintiff to sit on the rear driver side of the vehicle.

**ANSWER:** Haynes denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant, Officer Haynes, without consent, inserted his penis into Plaintiff's mouth.

**ANSWER:** Haynes denies the allegations contained in Paragraph 16.

17. Plaintiff cried and asked Defendant, Officer Haynes was he going to kill her but he did not respond.

**ANSWER:** Haynes denies the allegations contained in Paragraph 17.

18. Defendant, Officer Haynes instructed Plaintiff to turn around and without consent inserted his penis into her vagina and non-consensually performed sexual intercourse in excess of thirty minutes.

**ANSWER:** Haynes denies the allegations contained in Paragraph 18.

19. Defendants, [*sic*] Officer Haynes released Plaintiff to walk home on foot from the remote location.

**ANSWER:** Haynes denies the allegations contained in Paragraph 19.

20. At no time were any tickets issued or a complaint filed against the Plaintiff.

**ANSWER:** Haynes admits the allegations contained in Paragraph 20 of the Complaint.

21. At no time relevant to this action had Plaintiff, Denise Swinney violated any law of the City of Waukegan, County of Lake, or State of Illinois.

**ANSWER:** Paragraph 21 consists of argument and legal conclusions that require no response. To the extent that Paragraph 21 asserts any factual matter, Haynes denies the same.

22.     Defendant, Officer Haynes, unlawfully searched and seized Plaintiff, Denise Swinney and sexually assaulted her.

**ANSWER:**    Haynes denies the allegations contained in Paragraph 22.

23.     Defendant, Officer Haynes #704 used unlawful force with the intent to inflict unnecessary harm upon the Plaintiff and such use of force caused physical and mental injuries to the Plaintiff.

**ANSWER:**    Haynes denies the allegations contained in Paragraph 23.

24.     At no time during the above-mentioned period of detention was Plaintiff, charged with any crime, but at the end of the detention period, Plaintiff was released without any charge being made, and no charge has subsequently been made.

**ANSWER:**    Paragraph 24 contains argument which requires no answer.  Haynes admits that Plaintiff was not charged with any crime and that no charge has subsequently been made.  Haynes denies the remaining allegations contained in Paragraph 24.

25.     The Defendant, Officer Haynes #704, at the time of the above mentioned search or at any time during the subsequent detention of Plaintiff, did not have in his possession any warrant issued by any judge, court, or magistrate authorizing a search of Plaintiff's vehicle or the arrest of Plaintiff, nor had any warrant in fact been issued by any court, judge, or magistrate for such search and arrest.

**ANSWER:**    Haynes admits that he did not possess a warrant to search or arrest the Plaintiff.  Haynes denies the remaining allegations of Paragraph 25 of the Complaint.

26.     Plaintiff requests trial by jury on all counts of this complaint.

**ANSWER:**    Paragraph 26 consists of legal conclusions that require no response.

## COUNT I – ASSAULT AND BATTERY

27.     Plaintiff repeats and realleges Paragraphs 1 through 26 in this count 27, as if expressly set forth at length.

**ANSWER:**  Haynes repeats and realleges his answers to Paragraphs 1 through 26 in this paragraph 27, as if expressly set forth at length.

28.     This Cause of Action is brought by Plaintiff against Defendant, Officer Haynes #704 for assault and battery.

**ANSWER:**  Paragraph 28 consists of argument and legal conclusions that require no response; moreover, the Complaint speaks for itself. To the extent that Paragraph 28 asserts any factual matter, Haynes denies the same.

29.     As a direct and proximate result of the above-described illegal actions of Defendant, Officer Haynes #704, including his excessive and unnecessary use of force, Plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:**  Paragraph 29 contains legal conclusions and argument which requires no answer. To the extent that Paragraph 29 asserts any factual matter, Haynes denies the allegations contained in Paragraph 29.

30.     As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:**  Paragraph 30 contains legal conclusions and argument which requires no answer. To the extent that Paragraph 30 asserts any factual matter, Haynes denies the allegations contained in Paragraph 30.

31.     The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

**ANSWER:**     Paragraph 31 contains legal conclusions and argument which requires no answer.  To the extent that Paragraph 31 asserts any factual matter, Haynes denies the allegations contained in Paragraph 31.

WHEREFORE, Defendant Haynes prays that this Honorable Court grant judgment in his favor and against Plaintiff on Count I of the Complaint, and for such other and further relief as the Court deems just and proper.

**COUNT II – 42 U.S.C.A. § 1983**

32.     Plaintiff repeats and realleges Paragraphs 1 through 31 in this count 32, as if expressly set forth at length.

**ANSWER:**     Haynes repeats and realleges his answers to Paragraphs 1 through 31 in this paragraph 32 as if expressly set forth at length.

33.     This Cause of Action is brought by Plaintiff against Defendant, Officer Haynes #704 for the deprivation of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

**ANSWER:**     Paragraph 33 consists of argument and legal conclusions that require no response; moreover the Complaint speaks for itself.  To the extent that Paragraph 33 asserts any factual matter, Haynes denies the same.

34.     Plaintiff alleges that her arrest by Defendant, Officer Haynes #704, with the use of excessive force was in violation of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment

7

of the United States Constitution to due process of law within the meaning of 42 U.S.C.A. § 1983.

**ANSWER:** Paragraph 34 consists of argument and legal conclusions that require no response. To the extent that Paragraph 34 asserts any factual matter, Haynes denies the same.

35. Such acts were beyond the scope of their jurisdiction and without authorization of law.

**ANSWER:** Paragraph 35 consists of argument and legal conclusions that require no response. To the extent that Paragraph 35 asserts any factual matter, Haynes denies the same.

36. Defendant, Officer Haynes #704 acted willfully, knowingly, and with specific intent to deprive Plaintiff of her rights to freedom from illegal searches and seizure of her person, and effects, and of her right to freedom from unlawful arrest, detention, and imprisonment, all of which rights are secured to the plaintiff by the Fourth, Sixth, and Fourteenth Amendment to the Constitution of the United States, and by Title 42, United States Code, Sections 1983 and 1988.

**ANSWER:** Paragraph 36 consists of argument and legal conclusions that require no response. To the extent that Paragraph 36 asserts any factual matter, Haynes denies the same.

37. Plaintiff's arrest was made under color of the authority of Defendant, Officer Haynes #704, as police officer for the City of Waukegan.

**ANSWER:** Paragraph 37 consists of argument and legal conclusions that require no response. To the extent that Paragraph 37 asserts any factual matter, Haynes denies the same.

38. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:**　　Paragraph 38 contains legal conclusions and argument which requires no answer. To the extent that Paragraph 38 asserts any factual matter, Haynes denies the allegations contained in Paragraph 38.

39.　　As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant City of Waukegan, Plaintiff has also suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:**　　Paragraph 39 contains legal conclusions and argument which requires no answer. To the extent that Paragraph 39 asserts any factual matter, Haynes denies the allegations contained in Paragraph 39.

40.　　The above actions are a widespread practice that that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

**ANSWER:**　　Paragraph 40 contains legal conclusions and argument which requires no answer. To the extent that Paragraph 40 asserts any factual matter, Haynes denies the allegations contained in Paragraph 40.

WHEREFORE, Defendant Haynes prays that this Honorable Court grant judgment in his favor and against Plaintiff on Count II of the Complaint, and for such other and further relief as the Court deems just and proper.

## COUNT III – NEGLIGENCE

41.　　Plaintiff repeats and realleges Paragraphs 1 through 40 in this count 41, as if expressly set forth at length.

**ANSWER:** Haynes repeats and realleges his answers to Paragraphs 1 through 40 in this paragraph 41 as if expressly set forth at length.

42. This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan for negligence.

**ANSWER:** Haynes makes no answer to the allegations of Count III, Par. 42 of the Complaint because said Count III is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

43. The above-described actions by Defendant, Officer Haynes #704 resulted from the carelessness and negligence of Defendant, City of Waukegan, its agents, servants, employees, or other representatives, in hiring and failing to properly train Defendant, Officers Haynes #704.

**ANSWER:** Haynes makes no answer to the allegations of Count III, Par. 43 of the Complaint because said Count III is directed against the Defendant, the City of Waukegan, and not against Defendant Haynes.

44. As a direct and proximate result of the above-mentioned carelessness and negligence of Defendant, City of Waukegan, Plaintiff was sexually assaulted and sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:** Haynes makes no answer to the allegations of Count III, Par. 44 of the Complaint because said Count III is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

45. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff has also suffered humiliation, public ridicule, loss of

personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:**   Haynes makes no answer to the allegations of Count III, Par. 45 of the Complaint because said Count III is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

46.   The above actions are a widespread practice that, although not authorized by written law or express municipal policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

**ANSWER:**   Haynes makes no answer to the allegations of Count III, Par. 46 of the Complaint because said Count III is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

## COUNT IV – RESPONDEAT SUPERIOR

47.   Plaintiff repeats and realleges Paragraphs 1 through 46 in this court 47, as if expressly set forth at length.

**ANSWER:**   Haynes repeats and realleges his answers to Paragraphs 1 through 46 in this paragraph 47 as if expressly set forth at length.

48.   This Cause of Action is brought by plaintiff against Defendant, City of Waukegan for the willful, wanton and intentional conduct of its agent, servant, or employee, Defendant, Officer Haynes #704, including Defendant, Officer Haynes's excessive and unnecessary use of force.

**ANSWER:**   Haynes makes no answer to the allegations of Count IV, Par. 48 of the Complaint because said Count IV is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

49.     As a direct and proximate result of the willful and intentional acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, plaintiff has sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:**   Haynes makes no answer to the allegations of Count IV, Par. 49 of the Complaint because said Count IV is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

50.     As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff has also suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:**   Haynes makes no answer to the allegations of Count IV, Par. 50 of the Complaint because said Count IV is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

## COUNT V – 42 U.S.C.A. § 1983 AGAINST EMPLOYER

51.     Plaintiff repeats and realleges Paragraphs 1 through 50 in this count 51, as if expressly set forth at length.

**ANSWER:**   Haynes repeats and realleges his answers to Paragraphs 1 through 50 in this paragraph 51 as if expressly set forth at length.

52.     This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan, for deprivation by its agent, servant, or employee, Defendant, Officer Haynes #704, of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

**ANSWER:** Haynes makes no answer to the allegations of Count V, Par. 52 of the Complaint because said Count V is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

53. The above-described actions of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, subjected Plaintiff to a deprivation of rights and privileges in violation of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States Constitution to due process of law within the meaning of 42 U.S.C.A. § 1983.

**ANSWER:** Haynes makes no answer to the allegations of Count V, Par. 53 of the Complaint because said Count V is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

54. Plaintiff's arrest was made under color of the authority of Defendant, Officer Haynes #704, as police officer for the City of Waukegan.

**ANSWER:** Haynes makes no answer to the allegations of Count V, Par. 54 of the Complaint because said Count V is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

55. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant, Officer Haynes #704, while agents, servants, or employees of Defendant, City of Waukegan, plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:** Haynes makes no answer to the allegations of Count V, Par. 55 of the Complaint because said Count V is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

56.　　As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

　　**ANSWER**:　　Haynes makes no answer to the allegations of Count V, Par. 56 of the Complaint because said Count V is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

57.　　The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it is so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

　　**ANSWER**:　　Haynes makes no answer to the allegations of Count V, Par. 57 of the Complaint because said Count V is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

58.　　Defendant, Officer Haynes #704 violated the plaintiff's civil rights while acting pursuant to this custom or policy.

　　**ANSWER**:　　Haynes makes no answer to the allegations of Count V, Par. 58 of the Complaint because said Count V is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

**COUNT VI – VIOLATION OF ILLINOIS CONST., ART. I, § 6**

59.　　Plaintiff repeats and realleges Paragraphs 1 through 58 in this count 59, as if expressly set forth at length.

　　**ANSWER**:　　Haynes repeats and realleges his answers to Paragraphs 1 through 58 in this paragraph 59 as if expressly set forth at length.

60.     This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan for the interference by its agent, servant, or employee, Defendant Officer Haynes #704, of constitutional and statutory rights within the meaning of Illinois Const., Art. I, § 6.

**ANSWER:**    Haynes makes no answer to the allegations of Count VI, Par. 60 of the Complaint because said Count VI is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

61.     The above-described actions of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, interfered with Plaintiff's exercise or enjoyment of rights secured by the Constitution and laws of Illinois and more particularly Illinois Const., Art. I, §6.

**ANSWER:**    Haynes makes no answer to the allegations of Count VI, Par. 61 of the Complaint because said Count VI is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

62.     As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:**    Haynes makes no answer to the allegations of Count VI, Par. 62 of the Complaint because said Count VI is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

63.     As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant City of

Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:** Haynes makes no answer to the allegations of Count VI, Par. 63 of the Complaint because said Count VI is directed against the Defendant, the City of Waukegan, and not against the Defendant Haynes.

### COUNT VII – FALSE IMPRISONMENT

64. Plaintiff repeats and realleges Paragraphs 1 through 63 in this count 64, as if expressly set forth at length.

**ANSWER:** Haynes repeats and realleges his answers to Paragraphs 1 through 63 in this paragraph 64 as if expressly set forth at length.

65. This Cause of Action is brought by Plaintiff against Defendant, Officer Haynes #704 for False Imprisonment.

**ANSWER:** Paragraph 65 consists of argument and legal conclusions that require no response; moreover, the Complaint speaks for itself. To the extent that Paragraph 65 asserts any factual matter, Haynes denies the same.

66. Plaintiff was intentionally and willfully restrained and arrested, by Defendant, Officer Haynes #704, without her consent, against the will of her personal liberty or freedom of locomotion.

**ANSWER:** Haynes denies the allegations contained in Paragraph 66.

67. Plaintiff was arrested without probable cause or reasonable belief that any crime was committed.

  **ANSWER:** Paragraph 67 contains legal conclusions and argument which requires no answer. To the extent that Paragraph 67 asserts any factual matter, Haynes denies the allegations contained in Paragraph 67.

68. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Chicago [*sic*], Plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

  **ANSWER:** Paragraph 68 contains legal conclusions and argument which requires no answer. To the extent that Paragraph 68 asserts any factual matter, Haynes denies the allegations contained in Paragraph 68.

69. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant, or employee of Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation, and extreme emotional distress as a consequence of being arrested and sexually assaulted.

  **ANSWER:** Paragraph 69 contains legal conclusions and argument which requires no answer. To the extent that Paragraph 69 asserts any factual matter, Haynes denies the allegations contained in Paragraph 69.

  WHEREFORE, Defendant Haynes prays that this Honorable Court grant judgment in his favor and against Plaintiff on Count VII of the Complaint, and for such other and further relief as the Court deems just and proper.

  **COUNT VIII -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

70. Plaintiff repeats and realleges Paragraphs 1 through 69 in this count 70, as if expressly set forth at length.

**ANSWER:** Haynes repeats and realleges his answers to Paragraphs 1 through 69 in this paragraph 70 as if expressly set forth at length.

71. This Cause of Action is brought by Plaintiff against Defendant, Officer Haynes #704 for intentional infliction of emotional distress.

**ANSWER:** Paragraph 71 consists of argument and legal conclusions that require no response; moreover, the Complaint speaks for itself. To the extent that Paragraph 71 asserts any factual matter, Haynes denies the same.

72. The previously alleged actions of the Defendant, Officer Haynes #704, were extreme and outrageous.

**ANSWER:** Haynes denies the allegations contained in Paragraph 72.

73. The previously alleged actions of the Defendant, Officer Haynes #704 were intentional, willful, malicious, and wanton.

**ANSWER:** Haynes denies the allegations contained in Paragraph 73.

74. Defendant, Officer Haynes #704 intended that his conduct should inflict severe emotional distress and further knew that there was a high probability that his conduct would cause severe emotional distress.

**ANSWER:** Haynes denies the allegations contained in Paragraph 74.

75. Defendant, Officer Haynes #704 [*sic*] intentional conduct caused Plaintiff, Denise Swinney severe emotional distress.

**ANSWER:** Haynes denies the allegations contained in Paragraph 74.

WHEREFORE, Defendant Haynes prays that this Honorable Court grant judgment in his favor and against Plaintiff on Count VIII of the Complaint, and for such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. All conduct between Plaintiff Swinney and Defendant Haynes was consensual.

2. As to claims made against Haynes, this Court lacks subject matter jurisdiction of Count I, Count VII, and Count VIII.

3. Plaintiff was not arrested.

4. Plaintiff was not searched.

                                      Respectfully submitted,

                                      "s/James T. Harrison"
                                      James T. Harrison
                                      Attorney at Law

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
Office: (815) 338-7773
Fax: (815) 338-7738
Attorney No. 06207020