IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE SWINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 994 |
| | ) | |
| CITY OF WAUKEGAN, a municpal | ) | Judge Joan Gottschall |
| corporation and OFFICER HAYNES #704, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF THE CITY OF WAUKEGAN TO
PLAINTIFF'S COMPLAINT AT LAW**

CITY OF WAUKEGAN, a defendant, by its attorney, Daniel P. Field, for its response to

the allegations of plaintiff's Complaint at Law, answers and states as follows:

**Introduction**

1. Plaintiff, Denise Swinney, is, and at all times mentioned was, a resident of the City of
Chicago, County of Cook.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 1.

2. Defendant, Officer Haynes Star #704 (hereinafter "Officer Haynes") is a city
employee and at all times is a resident of Waukegan, County of Lake, State of Illinois.

**ANSWER:** This admits that Haynes was once employed by the City of Waukegan but in

further answering, this defendant denies the remaining allegations of paragraph 2.

3. At all times relevant to this action, defendant, Officer Haynes, is duly appointed and
an acting Waukegan Police Officer, employed by the City of Waukegan.

**ANSWER:** This defendant admits that on January 6, 2008, Haynes was employed by the

City of Waukegan as a police officer but in further answering this defendant denies the remaining

allegations of paragraph 3.

    4.  Defendant, Officer Haynes, as such is a duly appointed agent authorized to enforce the laws of the City of Waukegan, County of Lake and state of Illinois, and was doing so acting under the color of the law of the City of Waukegan, County of Lake and State of Illinois at all times relevant to this action.

    **ANSWER:** This defendant denies the allegations of paragraph 4.

    5.  Defendant, City of Waukegan, of Lake County, Illinois, is, and at all times mentioned, was a municipal corporation of Illinois.

    **ANSWER:** This defendant admits the allegations of paragraph 5.

    6.  Original jurisdiction exists in this court pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343(a)(3) and (a)(4) (civil rights claims).  Venue is proper under 28 U.S.C. §1391(b).

    **ANSWER:** This defendant admits that this court is vested with jurisdiction and venue.

### General Allegations

    7.  On or about January 6, 2008, at approximately 1:00 a.m., Plaintiff, Denise Swinney (hereinafter referred to as "Plaintiff") was walking near the intersection of Lewis and Glen Flora in the City of Waukegan, County of Lake, State of Illinois

    **ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 7.

    8.  Without probable cause or notice of any federal, state or municipal violation, Officer Haynes stopped and detained Plaintiff, Denise Swinney.

    **ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 8.

    9.  Defendant, Officer Haynes was wearing an official Waukegan Police Department uniform and displaying badge #704.

    **ANSWER:** This defendant admits that in the early morning hours of January 6, 2008

Delatwan Haynes was wearing an official uniform of the Waukegan Police department.

10. Defendant, Officer Haynes removed the Plaintiff, Denise Swinney, from the public way, searched and placed her in the police cruiser.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 10.

11. Defendant, Officer Haynes, without consent, searched Plaintiff, without any probable cause or warrant.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 11.

12. During the search Defendant, Officer Haynes, without consent, sexually fondled

Plaintiff's chest.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 12.

13. On or about January 6, 2008, at approximately 1:15 a.m., Plaintiff, Denise Swinney was arrested by Defendant, Officer Haynes without a warrant or probable cause.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 13.

14. On or about January 6, 2008, Plaintiff, Denise Swinney was transported by Defendant, Officer Haynes to a remote location behind an (sic) U-Haul store in the City of Waukegan, Illinois.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 14.

15. At the remote location, Defendant Officer Haynes instructed Plaintiff to sit on the rear driver's side of the vehicle.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 15.

16. Defendant, Officer Haynes, without consent, inserted his penis into Plaintiff's mouth.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 16.

17. Plaintiff cried and asked Defendant, Officer Haynes was he going to kill her but he did not respond.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 17.

18. Defendant, Officer Haynes instructed Plaintiff to turn around and without consent inserted his penis into her vagina and non-consensually performed sexual intercourse in excess of thirty minutes.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 18.

19. Defendants (sic), Officer Haynes released Plaintiff to walk home on foot from the remote location.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 19

20. At no time were any tickets issued or a complaint filed against the Plaintiff.

**ANSWER:** This defendant admits the allegations of paragraph 20.

21. At no time relevant to this action had Plaintiff, Denise Swinney violated any law of the City of Waukegan, County of Lake or State of Illinois.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 21.

22. Defendant, Officer Haynes, unlawfully searched Plaintiff and seized Plaintiff, Denise Swinney and sexually assaulted her.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 22.

23.  Defendant, Officer Haynes #704 used unlawful force with the intent to inflict unnecessary harm upon the plaintiff and such force caused physical and mental injuries to the Plaintiff.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 23.

24.  At no time during the above-mentioned period of detention was Plaintiff charged with any crime, but at the end of the detention period, Plaintiff was released without any charge being made, and no charge was subsequently made.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 24.

25.  The Defendant, Officer Haynes #704, at the time of the above mentioned search or at any time during the subsequent detention of the plaintiff, did not have in his possession any warrant issued by any judge, court or magistrate authorizing a search of plaintiff's vehicle or arrest of Plaintiff, nor had any warrant in fact been issued by any court, judge, or magistrate for such search and arrest.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 25.

26.  Plaintiff requests trial by jury on all counts of this complaint.

**ANSWER:** This defendant makes no response to the statement in paragraph 26 as said

statement does not allege any fact which this defendant is required to admit or deny.

## COUNT I - ASSAULT AND BATTERY

27.  Plaintiff repeats and re-alleges Paragraphs 1 though 26 in this count (sic) 27, as if expressly set forth at length.

**ANSWER:** This defendant adopts as it's answer to paragraph 27 those answers

previously made to paragraphs 1 through 26 as though fully set forth herein.

28.  This cause of action is brought by Plaintiff against Defendant, Officer Haynes #704 for assault and battery.

**ANSWER:** This defendant makes no response to the statement in paragraph 28 as said

statement does not allege any fact which this defendant is required to admit or deny.

29.  As a direct and proximate result of the above-described illegal actions of Defendant, Officer Haynes #704, including his excessive and unnecessary use of force, Plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 29.

30.  As a direct and proximate result of the above mentioned unconstitutional and illegal acts of the Defendant, Officer Haynes, while an agent, servant or employee of Defendant City of Waukegan, Plaintiff also suffered humiliation, public ridicule, loss of personal reputation and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:** This defendant is without knowledge or information sufficient to form a

belief about the truth of the allegations of paragraph 30.

31.  The above actions are a widespread policy, although not authorized by written law or express municipal policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

**ANSWER:** This defendant denies the allegations of paragraph 31.

## COUNT II - 42 U.S.C. §1983

32.  Plaintiff repeats and re-alleges paragraphs 1 through 31 in this count (sic) 32, as if expressly set forth at length.

**ANSWER:** This defendant adopts as it's answer to paragraph 32 those answers

previously made to paragraphs 1 though 32 as though fully set forth herein.

33.  This cause of action is brought by Plaintiff against Defendant, Officer Haynes #704 for the deprivation of constitutional rights within the meaning of 42 U.S.C. §1983.

**ANSWER:** This defendant makes no response to the statement of paragraph 33 as said

6

statement does not state any fact which this defendant is required to admit or deny.

34.  Plaintiff alleges that her arrest by Defendant, Officer Haynes #704, with the use of excessive force was in violation of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States Constitution to due process within the meaning of 42 U.S.C., §1983.

**ANSWER:** This defendant states that the statement of paragraph 34 consists solely of argument and legal conclusions which require no response from this defendant but in further answering this defendant states that it is without knowledge or information of any purported encounter between plaintiff and Officer Haynes sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.  Such acts were beyond the scope of their jurisdiction and without authorization of law.

**ANSWER:** This defendant states that the statement of paragraph 35 consists solely of argument and legal conclusions which require no response from this defendant.

36.  Defendant, Officer Haynes #704 acted wilfully, knowingly, and with specific intent to deprive Plaintiff of her rights to freedom from illegal searches and seizures of her person and effects and of her right to freedom from unlawful arrest, detention and imprisonment, all of which rights are secured to Plaintiff by the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and by Title 42, United States Code, Sections 1983 and 1988.

**ANSWER:** This defendant states that the statements of paragraph 36 consist solely of argument and legal conclusions which require no response from this defendant but in further answering this defendant states that it is without knowledge or information of any purported encounter between plaintiff and Officer Haynes sufficient to form a belief as to the truth of any factual allegations of paragraph 36.

37.  Plaintiff's arrest was made under color of the authority of Defendant Officer Haynes #704, as a police officer for the City of Waukegan.

7

**ANSWER:** This defendant is without knowledge or information of any purported encounter between plaintiff and Officer Haynes sufficient to form a belief about the truth of the allegations of paragraph 37.

38. As a direct and proximate result of the above-mentioned unconstitutional illegal acts of Defendant, Officer Haynes, while an agent, servant or employee of Defendant, City of Waukegan, Plaintiff also has sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:** This defendant is without knowledge or information of any purported encounter between plaintiff and Officer Haynes sufficient to form a belief about the truth of the allegations of paragraph 38.

39. As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant or employee of Defendant City of Waukegan, Plaintiff has suffered humiliation, public ridicule, loss of personal reputation and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:** This defendantis without knowledge or information of any purported encounter between plaintiff and Officer Haynes sufficient to form a belief about the truth of the allegations of paragraph 39.

40. The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

**ANSWER:** This defendant denies the allegations of paragraph 40.

## COUNT III - NEGLIGENCE

41. Plaintiff repeats and re-alleges paragraphs 1 through 40 in this count (sic) 41 as if expressly set forth at length.

**ANSWER:** This defendant adopts as it's answer to paragraph 41 those answers previously made to paragraphs 1 through 40 as though fully set forth herein.

42. This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan for negligence.

**ANSWER:** This defendant makes no response to the statement in paragraph 42 as said

statement does not allege any fact which this defendant is required to admit or deny.

43. The above described actions by Defendant, Officer Haynes #704 resulted from carelessness and negligence of Defendant City of Waukegan, it's agents, servants, employees or other representatives, in hiring and failing to properly train Defendant, Officer Haynes #704.

**ANSWER:** This defendant denies the allegations of paragraph 43.

44. As a direct and proximate result of the above-mentioned carelessness and negligence of Defendant, City of Waukegan, Plaintiff was sexually assaulted and sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:** This defendant denies the allegations of paragraph 44.

45. As a direct and proximate result of the aforementioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant or employee of the Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:** This defendant denies the allegations of paragraph 45.

46. The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

**ANSWER:** This defendant denies the allegations of paragraph 46.

## COUNT IV - RESPONDEAT SUPERIOR

47. Plaintiff repeats and re-alleges Paragraphs 1 through 46 in this count (sic) 47, as if expressly set forth at length.

**ANSWER:** This defendant adopts as it's answer to paragraph 47 those answers

previously made to paragraphs 1 through 46 as though fully set forth herein.

48. This Cause of Action is brought against the Defendant, City of Waukegan for the

wilfull, wanton and intentional conduct of its agent, servant or employee, Defendant, Officer Haynes #704, including Defendant, Officer Haynes's excessive and unnecessary use of force.

**ANSWER:** This defendant makes no response to the statement of paragraph 48 as said statement does not state any fact which this defendant is required to admit or deny.

49. As a direct and proximate result of the willful and intentional acts of defendant, Officer Haynes, while an agent, servant, or employee of Defendant, City of Waukegan, plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:** This defendant denies the allegations of paragraph 49.

## COUNT V - 42 U.S.C. §1983 AGAINST EMPLOYER

51. Plaintiff repeats and re-alleges Paragraphs 1 through 50 in this count (sic) 51 as if expressly set forth at length.

**ANSWER:** This defendant adopts as its answer to paragraph 51 those answers previously made to paragraphs 1 through 50 as though fully set forth herein.

52. This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan, for deprivation by its agent, servant, or employee, Defendant, Officer Haynes #704, of constitutional rights within the meaning of 42 U.S.C. §1983.

**ANSWER:** This defendant makes no response to the statement of paragraph 52 as said statement does not allege any fact which this defendant is required to admit or deny.

53. The above described actions of Defendant, Officer Haynes #704, while an agent, servant or employee of Defendant, City of Waukegan, subjected Plaintiff to a deprivation of rights and privileges in violation of her right under the Fourth Amendment of the United States Constitution to be free from unreasonable arrest and her right under the Fourteenth Amendment of the United States Constitution to due process within the meaning of 42 U.S.C. §1983.

**ANSWER:** This defendant denies the allegations of paragraph 53.

54. Plaintiff's arrest was made under color of the authority of Defendant, Officer Haynes #704 as a police officer for the City of Waukegan.

**ANSWER:** This defendant denies the allegations of paragraph 54.

55.  As a direct and proximate result of the above mentioned unconstitutional acts of the Defendant, Officer Haynes #704, while agents, servants or employees of Defendant, City of Waukegan, plaintiff suffered physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:** This defendant denies the allegations of paragraph 55.

56.  As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant or employee of Defendant, City of Waukegan, Plaintiff also has suffered humiliation, public ridicule, loss of personal reputation and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:** This defendant denies the allegations of paragraph 56.

57.  The above actions are a widespread practice that, although not authorized by written law or express municipality policy, it was so permanent and well settled as to constitute a custom or policy of the City of Waukegan which is of such long standing as to have the force of law.

**ANSWER:** This defendant denies the allegations of paragraph 57.

58.  Defendant, Officer Haynes #704 violated the plaintiffs civil rights while acting pursuant to this custom or policy.

**ANSWER:** This defendant denies the allegations of paragraph 58.

## COUNT VI - VIOLATION OF ILLINOIS CONST., ART. I, §6

59.  Plaintiff repeats and re-alleges paragraphs 1 through 58 in this count (sic) 59, as if expressly set forth at length.

**ANSWER:** This defendant adopts as it's answer to paragraph 59 those answers

previously made to paragraphs 1 through 58 as though fully set forth herein.

60.  This Cause of Action is brought by Plaintiff against Defendant, City of Waukegan for interference by it's agent, servant or employee, Defendant, Officer Haynes #704, of constitutional and statutory rights within the meaning of Illinois Const., Art. I, §6.

**ANSWER:** This defendant makes no response to the statement of paragraph 60 as said

statement does not allege any facts which this defendant is required to admit or deny.

61.  The above-described actions of Defendant, Officer Haynes #704, while an agent,

11

servant or employee of Defendant, City of Waukegan, interfered with Plaintiff's exercise or enjoyment of rights secured by the Constitution and laws of Illinois and more particularly Illinois Constitution., Art. I, §6.

**ANSWER:** This defendant denies the allegations of paragraph 61.

62.  As a direct and proximate result of the above mentioned unconstitutional and illegal acts of Defendant, Officer Haynes # 704, while an agent, servant or employee of Defendant, City of Waukegan, Plaintiff sustained physical injury, including but not limited to great pain from his forced sexual entry.

**ANSWER:** This defendant denies the allegations of paragraph 62.

63.  As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendant, Officer Haynes #704, while an agent, servant or employee of Defendant, City of Waukegan, Plaintiff has suffered humiliation, public ridicule, loss of personal reputation and extreme emotional distress as a consequence of being arrested and sexually assaulted.

**ANSWER:** This defendant denies the allegations of paragraph 63.

## COUNT VII - FALSE IMPRISONMENT

This defendant makes no response to the allegations of Count VII as said allegations are directed at a party other than this defendant.

## COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

This defendant makes no response to the allegations of Count VIII as said allegations are directed at a party other than this defendant.

WHEREFORE, CITY OF WAUKEGAN, a defendant, denies that plaintiff is entitled to any judgment against it whatsoever and prays that this court enter judgment in it's favor and against the plaintiff together with taxable costs of suit and attorneys' fees.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's complaint fails to state facts upon which relief could be predicated.

2.  Any acts or omissions of defendant Delatwan Haynes were outside the scope and

12

course of his employment as a police officer for the City of Waukegan.

    3.  Sexual contact, if any, between plaintiff and defendant Delatwan Haynes was consensual.

    4. At the time and place alleged in plaintiff's complaint, plaintiff was committing the offense of prostitution in violation of 720 ILCS 5/11-14.

    5.  The allegations of Count VI fails to state a cause of action on which relief could be predicated in the absence of legislation enabling plaintiff to bring a cause of action pursuant to the Illinois Constitution.

    6.  This defendant is immune from liability on any state law claims pursuant to 745 ILCS 10/2-109.

    7.  This defendant is immune from liability on any state law claims pursuant to 745 ILCS 10/2-201.

    8.  This defendant is immune from liability on any state law claim pursuant to 745 ILCS 10/2-202.

    9.  This defendant is immune from liability on any state law claim pursuant to 745 ILCS 10/2-205.

    10.  This defendant is immune from liability on any state law claim pursuant to 745 ILCS 10/4-102.

    11.  As a local public entity, this defendant is immune from a judgment for punitive damages.

    12.  As a local public entity this defendant is immune from indemnification for a judgment for attorneys' fees entered in favor of plaintiff and against defendant Delatwan Hyanes.

13

Respectfully submitted,

CITY OF WAUKEGAN, a defendant


By:          s/Daniel P. Field

Daniel P. Field
SCARIANO, HIMES AND PETRARCA, CHTD.
209 West Madison Street
Waukegan, IL 60085-4345
847-662-5800
ARDC No. 00800597
dpfield1@gmail.com